IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ANTONIO FALCON, | Case No. 1:11-cv-00427 JLT (PC) |
| Plaintiff, | ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |
| vs. | (Doc. 1) |
| M. FARLEY, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes. (Doc. 5.) Now pending before the Court is Plaintiff's complaint filed March 14, 2011. (Doc. 1.)

I.   SCREENING REQUIREMENT

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570).

**II.    THE COMPLAINT**

Plaintiff alleges that on July 24, 2009, a quarterly package, which was intended to be Plaintiff's birthday gift from his family, arrived at Kern Valley State Prison. (Doc. 1 at 4.) Plaintiff alleges that five months later, on December 29, 2009, Receiving and Release Property Officer M. Farley returned the package to the vendor for "no apparent reason." (Id.) Plaintiff now seeks to recover the cost of shipping the package, among other things. (Id.)

### III. DISCUSSION

Plaintiff's allegations implicate the First Amendment. Under the First Amendment, prisoners enjoy the right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). This right, however, is not absolute. A prison may adopt policies or practices that impinge on a prisoner's First Amendment rights so long as the policy or practice is "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). In determining the reasonableness of a policy or practice, the court is guided by the following factors: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it;" (2) "whether there are alternative means of exercising the right;" (3) the impact, if any, that the "accommodation of the asserted constitutional right will have on guards and other inmates;" and (4) "the absence of ready alternatives." Id. at 89-90. Courts are also reminded that "considerable deference" should be afforded to the determinations of prison officials in regulating the relations of prisoners with the outside world. Thornburgh, 490 U.S. at 408.

Here, Plaintiff alleges that Defendant Farley returned Plaintiff's package to the vendor for "no apparent reason." However, the exhibits attached to the complaint suggest otherwise.[1] Upon appeal, Defendant Farley provided Plaintiff the following explanation for why the items were returned to the vendor:

> In your appeal you admit this package was ordered on July 24, 2009 prior to your Administrative Segregation Unit (ASU1-136U) on August 4, 2009. Your package was stored at KVSP [Kern Valley State Prison] pending Institutional Classification Committee (ICC) action retaining appellant in ASU. Based on ICC action and potential health concerns the appellant's package was returned on December 28, 2009 to the purchasing vendor. Packages stored for prolonged periods of time my have items that go beyond their stipulated shelf live (expiration dates) creating a potential health risk if consumed.

(Doc. 1 at 25.)

Based on the above facts, it appears the actions of Defendant Farley were reasonably related to a legitimate penological interest. Prison officials have a legitimate interest in protecting the health and

---

[1] "If a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint. These documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim." Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987) (citations omitted).

3

safety of inmates and staff.  See Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998) (per curiam). Accordingly, in the absence of facts contradicting Defendant Farley's proffered reason for returning Plaintiff's packages to the vendor, Plaintiff fails to state a cognizable claim.

The Court will provide Plaintiff the opportunity to file an amended complaint so that he may attempt to cure the deficiencies identified by the Court in this order.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).  However, if Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  In addition, Plaintiff is advised that once he files an amended pleading, his original pleadings are superceded and no longer serve a function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading."  Local Rule 220.  All causes of action alleged in an original complaint that are not re-alleged in an amended complaint are waived.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## IV.  CONCLUSION

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint is **DISMISSED**;
2. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
4. Failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **April 20, 2011**                    /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE