IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ANTONIO FALCON,<br><br>    Plaintiff,<br><br>v.<br><br>M. FARLEY, et al.,<br><br>    Defendant. | Case No. 1:11-cv-00427-LJO-JLT (PC)<br><br>**INFORMATIONAL ORDER RE MOTION FOR SUMMARY JUDGMENT** |

Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. §1983. On July 6, 2012, the Defendant filed a motion for summary judgment. (Doc. 21). Plaintiff's Opposition is therefore due on or before July 27, 2012.

Plaintiff is reminded that Local Rule 230(l) provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion . . . ." This means that the court may deem Plaintiff's failure to oppose defendant's motion to dismiss as a waiver, and may recommend that the motion be granted on that basis.

Additionally, pursuant to <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988) and <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure:

1.   Such a motion is a request for an order for judgment on some or all of plaintiff's claims in favor of defendants without trial. See Rule 56(b).

2. Defendant(s)' motion will set forth the facts which defendants contend are not reasonably subject to dispute and that entitle defendant to judgment as a matter of law. See Rule 56(c).

3. Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, plaintiff must show proof of his or her claims. Plaintiff may agree with the facts set forth in defendant(s)' motion but argue that defendant(s) are not entitled to judgment as a matter of law.

4. Plaintiff may show defendant(s)' facts are disputed in one or more of the following ways: (1) Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and if plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies; (2) Plaintiff may also serve and file affidavits or declarations setting forth the facts which plaintiff believes prove plaintiff's claims (the persons who sign the affidavit or declaration must have personal knowledge of the facts stated); (3) Plaintiff may also rely upon written records but plaintiff must prove that the records are what plaintiff claims they are; (4) Plaintiff may also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. Should plaintiff fail to contradict defendants' motion with affidavits, declarations, or other evidence, defendants' evidence will be taken as truth, and final judgment may be entered without a full trial. See Rule 56(e).

5. If there is some good reason why such facts are not available to plaintiff when required to oppose such a motion, the court will consider a request to postpone considering defendant(s)' motion. See Rule 56(f).

6. If plaintiff does not serve and file a request to postpone consideration of defendant(s)' motion or written opposition to the motion, the court may consider plaintiff's failure to act as a waiver of opposition to defendant(s)' motion. Plaintiff's waiver of opposition to defendant(s)' motion may result in the entry of summary judgment against plaintiff.

7. A motion supported by affidavits or declarations that are unsigned will be stricken.

8. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.

IT IS SO ORDERED.

Dated:   **July 18, 2012**                                          **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE