# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ANTONIO FALCON,<br><br>    Plaintiff,<br><br>    v.<br><br>FARLEY,<br><br>    Defendant.<br>_____/ | Case No. 1:11-cv-00427-LJO-JLT PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, WITH PREJUDICE, FOR LACK OF JURISDICTION<br><br>(Doc. 49) |

**I.   Procedural History**

Plaintiff, Juan Antonio Falcon, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 14, 2011.  (Doc. 1.)  On December 19, 2012, Defendant was granted summary judgment and the case was closed.  (Docs. 29-32.)  Plaintiff appealed, and, after remand from the Ninth Circuit, a settlement conference was scheduled.  (Docs. 37, 39, 42.)  The parties however, reached a settlement on their own and filed a stipulation for voluntary dismissal of this action with prejudice which closed the case on October 21, 2015.  (Docs. 45-47.)  On April 28, 2016, some six months later, Plaintiff filed a motion indicating the monies he received were applied to the wrong restitution account and requesting correction.  (Doc. 49.)  An order issued for Defendant to file an informal response, with which he complied.  (Docs. 50, 51.)  Plaintiff did not respond to Defendant's filing.

**II.   Discussion and Order**

Plaintiff asserts that, while he has two convictions upon which he owes restitution, case

numbers VA059540 ($3,500) and BAZZ6525 ($10,000), his settlement monies were not applied towards the restitution he owes for the earliest of his convictions, under which he is currently serving his sentence. (Doc. 49, pp. 1-2.) Plaintiff asserts that the "laws on Criminal Procedure make it clear that consecutive sentences are to be served one after the other," and that he believes that priority applies to restitution payments as well.[1] (*Id.*, at p. 2.) Plaintiff states that he "does not intend to avoid restitution payment, he merely humbly requests the Court to order that the first and primary restitution be fulfilled with the settlement money as part of his controlling case and original sentence for which he was committed to State Prison." (*Id.*)

In response, Defendant submits declarations from the Corrections Case Records Administrator in Case Records Services Unit Headquarters and the Accounting Administrator I at Accounting Headquarters for the California Department of Corrections and Rehabilitation ("CDCR"). (Doc. 51, pp. 4-8.) These declarations show that a clerical error occurred when the sentence date for Plaintiff's first sentence (case number VA059540) was entered as April 26, 2003 instead of March 6, 2003 in Plaintiff's Electronic Records Management System ("ERMS") file. (*Id.*) The date of Plaintiff's other sentence (case number BAZZ6525) was correctly entered as April 21, 2003. (*Id.*) Monies received in an ERMS file, are automatically applied, via computerized program, to restitution payments of an inmate's oldest restitution fine until it is paid in full. (*Id.*) Thus, when Plaintiff's settlement monies from this action were received, they were automatically applied to Plaintiff's case which erroneously reflected the oldest restitution fine in his ERMS file at that time -- BAZZ6525 for $10,000. (*Id.*) As a result of Plaintiff's motion, the error in his ERMS file has been corrected and any further monies received in his file will be appropriately paid on his oldest restitution fee. (*Id.*) However, due to the complexity of CDCR's accounting software, it is not possible to make corrections to Plaintiff's restitution fine payment and the monies were remitted to the California Victim Compensation and Government Claims Board ("VCGCB") in March of 2016. (*Id.*)

Federal courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and statute, and it is presumed that a cause lies outside this limited jurisdiction.

---

[1] Plaintiff does not cite any legal authority upon which he bases this assertion and the Court finds none.

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378, 114 S.Ct. 1673 (1994) (quotation marks and citations omitted). The enforcement of a settlement agreement is more than just a continuation or renewal of the dismissed suit and it requires its own basis for jurisdiction. *Kokkonen*, 511 U.S. at 378 (quotation marks omitted). A court may retain jurisdiction to enforce a settlement agreement, but that retention must be express. *Kokkonen*, 511 U.S. at 378; *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1017 (9th Cir. 2007); *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87-88 (9th Cir. 1997); *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995). Furthermore, the party seeking enforcement of the settlement agreement must allege a violation of the settlement agreement in order to establish ancillary jurisdiction. *Alvarado*, 509 F.3d at 1017.

There is no evidence implying that the terms of the settlement in this action required payment of Plaintiff's monies to a specific restitution fine he owed. However, even if this was the case, there is no evidence which shows that the terms of the settlement included retention of jurisdiction by this Court to enforce the agreement. Accordingly, the Court lacks ancillary jurisdiction over the matter and Plaintiff's motion is HEREBY DENIED, with prejudice. *Alvarado*, 509 F.3d at 1017.

IT IS SO ORDERED.

Dated: **June 15, 2016**         /s/ Lawrence J. O'Neill
                                 UNITED STATES CHIEF DISTRICT JUDGE